09-1494-cr
United States v. Ware

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand ten.

PRESENT:   RALPH K. WINTER,
                     JOSE A. CABRANES,
                     REENA RAGGI,
                                   *Circuit Judges.*

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                   *Appellee,*

                     v.                                                      No. 09-1494-cr

VICTOR WARE,
                                   *Defendant-Appellant.*

-----------------------------------------------------------------------

FOR APPELLANT:                           Alexander Bunin, Federal Public Defender (James P. Egan and James F. Greenwald, of counsel), Syracuse, New York.

FOR APPELLEE:                            Andrew T. Baxter, United States Attorney for the Northern District of New York (Carl G. Eurenius, Assistant United States Attorney, of counsel), Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York

(Frederick J. Scullin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on April 10, 2009, is AFFIRMED.

Victor Ware was convicted, upon a guilty plea, of two counts of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c), and is now serving concurrent terms of 60 months' incarceration. On appeal, he argues that his sentence is infected by a procedural error in his Guidelines calculation, see United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (noting that improper Guidelines calculation is procedural error), specifically the erroneous application of a six-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(1) for offense conduct evidencing an intent to carry out the relevant threats. We review the district court's factual findings for clear error and its application of a sentencing enhancement to facts not in dispute de novo. See United States v. Dhafir, 577 F.3d 411, 414 (2d Cir. 2009); United States v. Sash, 396 F.3d 515, 520 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Ware contends that the § 2A6.1(b)(1) enhancement was improper because nothing in the record suggests that he had made any plans to travel from Arizona to Syracuse to carry out his threats. Such an enhancement is warranted, however, when "the offense involved any conduct evidencing an intent to carry out [the] threat." U.S.S.G. § 2A6.1(b)(1) (emphasis added). In this case, after threatening to kill his ex-girlfriend with a firearm and boasting about his possession of hollow point bullets, Ware was arrested in possession of a loaded

firearm and the type of bullets referenced in his threats. See Presentence Report ¶¶ 9-12, 21. This evidence, coupled with Ware's history of physically abusing his girlfriend, see id. ¶¶ 46, 69-70, and his transmittal to her of photographs of a gun and of himself wearing a bullet proof vest, see id. ¶ 10, were sufficient to permit the district court to find it more likely than not that he intended to carry out his homicidal threat. See United States v. Awan, 607 F.3d 306, 312 (2d Cir. 2010) ("When finding facts relevant to sentencing for Guidelines calculation purposes, the district court [is] required to use the preponderance of the evidence standard." (alteration in original; internal quotation marks omitted)). Although the district court did not specifically recite all these facts, its statement that it had reviewed "all the pertinent information, including the presentence investigation report" where these facts were detailed, Sent'g Tr. at 12, is sufficient to permit us to review the basis for its finding. Accordingly, we identify no error in the district court's application of the § 2A6.1(b)(1) enhancement. See United States v. Kirsch, 54 F.3d 1062, 1073 (2d Cir. 1995) (upholding § 2A6.1(b)(1) enhancement where district court inferred requisite intent from defendants' purchase of firearms and attempted purchase of ammunition); accord United States v. Carter, 111 F.3d 509, 513-14 (7th Cir. 1997) (rejecting § 2A6.1(b)(1) challenge by defendant who had made no travel plans to victim's location but who possessed semi-automatic pistol and ammunition, and who had history of abusing recipient of threats (citing Kirsch)).

We have considered Ware's remaining arguments and conclude that they lack merit.

For the foregoing reasons, the April 10, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4